1  Robert F. Schwartz, SBN 227327
   rschwartz@truckerhuss.com
2  Michelle L. Schuller, SBN 255787
   mschuller@truckerhuss.com
3  TRUCKER ✦ HUSS
   A Professional Corporation
4  100 Montgomery Street, 23rd Floor
   San Francisco, California  94104
5  Telephone:     (415) 788-3111
   Facsimile:     (415) 421-2017
6  E-mail:

7  Attorneys for Plaintiff,
   Board of Trustees of the Western
8  Independent Shops Pension Trust

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  BOARD OF TRUSTEES OF THE             Case No. C 10-02003 EDL
    WESTERN INDEPENDENT SHOPS
13  PENSION TRUST,
                                         **STIPULATION FOR DISMISSAL AND**
14            Plaintiff,                 **[PROPOSED] ORDER**

15        vs.

16  WESTERN METAL DECORATING CO.
    COIL DIVISION; WESTERN METAL
17  DECORATING CO. CUCAMONGA
    DIVISION,
18
19            Defendants.

20

21        IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff BOARD OF

22  TRUSTEES OF THE WESTERN INDEPENDENT SHOPS PENSION TRUST (the "Board" or

23  "Plaintiff", and "Trust," respectively) and Defendant WESTERN METAL DECORATING CO.

24  COIL  DIVISION  ("Coil")  and  Defendant  WESTERN  METAL  DECORATING  CO.

25  CUCAMONGA ("Cucamonga") (collectively, "Defendants") as follows:

26        1.    Plaintiff has brought the above-captioned action, *Board of Trustees of the Western*

27            *Independent Shops Pension Trust v. Western Metal Decorating Co. Coil Division;*

28            *Western Metal Decorating Co. Cucamonga Division,* Case No. C 10-02003 EDL

---

**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER**; Case No.  C 10-02003 EDL          1

#1123094

Trucker ✦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California  94104

(the "Action"), seeking, *inter alia*, the payment of delinquent contributions to the Western Independent Shops Pension Trust pursuant to section 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. Plaintiff sought an additional amount for interest, liquidated damages, and attorney's fees and costs incurred in connection with this action, as well as equitable relief.

2. Defendants were and are presently bound to a written collective bargaining agreement (the "CBA") dated February 1, 2009 that requires them to submit hours reports and make contributions to the Trust on behalf of employees covered by the CBA for every hour worked by such employees no later than the 20th day of each month following the month in which such hours were worked. The CBA also binds Defendants to the provisions of the "Second Amended Trust Agreement of the United Steelworkers of America, AFL-CIO, District #38 and the Participating Employers in Contractual Relations with the Union in District #38 for a Pension Plan" (the "Trust Agreement"), dated December 12, 1975, as amended.

3. Defendants have failed to make any contributions for any hours worked during the period June 2008 through July 2010, in the case of Coil, and October 2008 through July 2010, in the case of Cucamonga (the "Delinquency Periods"). Contributions for months prior to the Delinquency Periods were often made late, and in some cases Defendants have failed to pay interest or liquidated damages on such late payments.

4. Based on hours reports provided by Defendants to Plaintiff in the course of this lawsuit, the accuracy of which has not been verified by Plaintiff, the amount of unpaid contributions owed by each Defendant for its respective Delinquency Period is as follows: $58,491.00 for Coil , and $16,087.45 for Cucamonga. These amounts are hereinafter referred to as the "Reported Delinquency Amounts." The Trust also sought in this Action interest and liquidated damages on the Reported Delinquency Amounts; liquidated damages and interest on past contribution amounts that were paid late; and attorneys fees.

Trucker ♦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California 94104

5.    With the intent to avoid the costs and time of further litigation, the parties have agreed to resolve and dismiss this action in accordance with the terms set forth herein. This Stipulation for Dismissal (the "Stipulation") memorializes the terms agreed to by the parties; to the extent that it differs from or varies from any previous writing between the parties relating to the matters resolved herein, this Stipulation shall supersede such communications and writings.

## TERMS OF STIPULATION

6.    Defendants shall pay to Plaintiff the Reported Delinquency Amounts, plus liquidated damages at the rate of twelve percent (12%), for a total of $83,527.87 (the "Outstanding Contribution Amount").

7.    Defendants shall pay to Plaintiff $10,000 in attorney's fees (the "Attorney Fee Amount").

8.    The Outstanding Contribution Amount and the Attorney Fee Amount shall accrue interest at the annual rate of seven and one-quarter percent (7.25%), beginning on December 10, 2010, based on the outstanding balance as of the 9th of each month.

9.    Defendants shall make their current monthly contributions in November 2010 (for hours worked in October), in accordance with the Trust Agreement and Trust rules and procedures.

10.   Defendants shall pay the Outstanding Contribution Amount and the Attorney Fee Amount as follows. On or before December 10, 2010, Defendants shall make a Fifteen Thousand Dollar ($15,000) payment to the Trust that shall first be applied to Defendants' then-current contribution obligation for hours worked in November 2010, and then to the Outstanding Contribution Amount. On or before the 10th of each successive month, Defendants shall pay to the Trust a minimum of Eight Thousand Dollars ($8,000), which shall be applied first to each month's then-current contribution obligation, then to the Outstanding Contribution Amount (and accrued interest thereon), and finally to the Attorney Fee Amount (and accrued interest thereon), until the Outstanding Contribution Amount and Attorney Fee

Trucker ♦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California 94104

**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER**; Case No.  C 10-02003 EDL          3

#1123094

Amount are fully paid off. Defendants may accelerate payment of any portion of the Outstanding Contribution Amount and the Attorney Fee Amount at any time.

11. On or before December 31, 2011, Defendants shall submit to and fully cooperate in the completion of an audit of its payroll and contributions for hours worked during the period from October 1, 2007 to November 30, 2010. Such audit shall be performed at the Trust's discretion and expense. Any unreported hours or insufficient contribution amounts found in the course of such audit shall be added to the Outstanding Contribution Amount, with liquidated damages of 12%. If, in the course of any such audit, the Trust finds unreported hours or insufficient contribution amounts, Defendants shall pay an additional amount of 7.25% of accrued interest, commencing as of December 10, 2010, for contribution amounts attributable to the unreported hours or such insufficient contribution amounts. Any additional monetary obligation required under this Paragraph shall be made through an amended Stipulation of Dismissal.

12. Defendants shall obtain and maintain in force for three years (through December 1, 2013) a performance bond in the amount of $10,000.00 for the benefit of the Trust, payment of which shall be triggered if either Defendant becomes delinquent on any current contribution. A delinquent payment as contemplated in this Paragraph shall refer to Defendants' failure to make payment on any current contribution within 15 days of its due date as required by the applicable Trust Agreement. Such bond shall be secured and in force no later than 20 days following the entry of this Stipulation.

13. The failure of either Defendant to perform any obligation required by Paragraphs 6 through 12 of this Stipulation shall constitute a default of such Defendant's or Defendants' obligations under this Stipulation. In the event that either, or both, such Defendants are in default, and Defendants have failed to cure such default within five business days of receipt of written notice, then the Outstanding Contribution Amount, plus accrued interest thereon, the Attorney Fee Amount, plus accrued interest thereon, any other payments required under this Stipulation, less any

---

**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER**; Case No. C 10-02003 EDL     4

#1123094

payments made by Defendants with respect to such amounts after entering into this Stipulation, plus an additional $1,658.13 (representing liquidated damages due on prior late payments), shall immediately be due and payable, and the Trust shall immediately thereupon have the right to enter a judgment against such Defendant or Defendants for all such amounts, and for such other relief as the Court may deem appropriate to enforce the terms of this Stipulation (including but not limited to the obligations set forth in Paragraphs 11 and 12). If Plaintiff provides notice to Defendants of default on two occasions, and such defaults are cured, then Plaintiff need not provide any further notice in the event of any future default, and may proceed immediately to obtain and enter the judgment upon any such future default without first providing notice. Defendants shall interpose no objections or opposition to the Trust's efforts to obtain and enter such a judgment, except as to the rights of Defendants as provided in this Stipulation. The Trust shall also be entitled to a reasonable attorney's fee and costs incurred in enforcing this Stipulation and obtaining the judgment. After entry of the aforementioned judgment, the Trust may take any legal action to collect the judgment, and do not waive any rights regarding collection of the judgment by entering into this Stipulation.

14. It is further stipulated and agreed that the terms of this Stipulation shall be binding on the heirs, successors, and assigns of the parties to this action.

15. The Trust agrees that Defendants' complete performance of all terms and conditions of this Stipulation, including completion of the audit provided for and any additional payment obligations that arise under Paragraph 11 and provision of proof of the bond requirement required under Paragraph 12, shall discharge its obligations and liabilities with respect to the Reported Delinquency Amount, the Outstanding Contribution Amount, and the Attorney Fee Amount, as well as liquidated damages on prior late payments. The Trust further agrees that it will not reinstitute legal proceedings against Defendants seeking payment of the Reported Delinquency Amount, the Outstanding Contribution Amount, the Attorney Fee Amount,

additional attorneys' fees, liquidated damages, or interest, or any other remedy that it sought or could have sought in this lawsuit with respect to the specific allegations and claims made in the Action; provided, however, that nothing herein shall preclude the Trust from enforcing this Stipulation, including but not limited to obtaining and enforcing the judgment (and additional fees and costs) contemplated in Paragraph 13, or from initiating legal proceedings to collect any other amounts that may become owed to the Trust subsequent to the date of this Stipulation, or to obtain equitable and/or legal relief in the event of any further delinquencies.

16. Upon Defendants' completion of their obligations as required under paragraphs 1 to 12 of this Stipulation, the parties shall file a Stipulation for Dismissal with Prejudice of the Action.

17. The parties acknowledge that they have each had the opportunity to be represented by independent counsel of their own choice throughout all of the negotiations that preceded the execution of this Stipulation. Plaintiff and Defendants further acknowledge that they have had adequate opportunity to perform whatever investigation or inquiry each deemed necessary in connection with the subject matter of this Stipulation prior to its execution and agree with the delivery and acceptance of the consideration specified in this Stipulation.

18. This Stipulation may be executed in counterparts, which taken together shall constitute the Stipulation and be binding upon and effective as to all parties hereto.

19. The parties hereto mutually state that they have read the foregoing Stipulation and are fully aware of its contents and legal facts. This Stipulation constitutes the entire agreement of the parties and is entered into on the dates below as indicated.

20. Except as specifically set forth herein, each party shall bear its own costs and attorney fees.

21. All Notices with respect to this Stipulation, including but not limited to any notice contemplated under Paragraph 13, shall be sent to the Parties' respective counsel of record in this Action – Alison Tsao for Defendants and Robert F. Schwartz for

Trucker ♦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California 94104

**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER**; Case No.  C 10-02003 EDL          6

Plaintiff.  Notice to such counsel by email, fax, hand delivery or overnight express

mail shall constitute adequate notice under this Stipulation.

22.     The Court will incorporate the terms of this Stipulation into its Order and retain

jurisdiction to enforce this Stipulation.

IT IS SO STIPULATED.

DATED: November 17, 2010                    **TRUCKER ✦ HUSS**

                                   By:  /s/Robert F. Schwartz_____
                                        Robert F. Schwartz
                                        Attorneys for Plaintiff
                                        BOARD OF TRUSTEES OF THE
                                        WESTERN INDEPENDENT SHOPS
                                        PENSION TRUST

DATED: November 17, 2010                    **Carlton DiSante & Freudenberger LLP**

                                   By:  /s/Alison L. Tsao_____
                                        Alison L. Tsao
                                        Attorneys for Defendants
                                        WESTERN METAL DECORATING CO.
                                        COIL DIVISION and WESTERN METAL
                                        DECORATING CO. CUCAMONGA
                                        DIVISION

I attest that my firm has obtained Ms. Tsao's concurrence in the filing of this document.

DATED:  November 17, 2010                    **TRUCKER ✦ HUSS**

                                   By:  /s/Robert F. Schwartz_____
                                        Robert F. Schwartz
                                        Attorneys for Board of Trustees of the Western
                                        Independent Shops Pension Trust

Trucker ✦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California  94104

# [PROPOSED] ORDER

The above-stated Stipulation is incorporated herein in its entirety and made an order of this Court. This action is hereby dismissed. The Court retain jurisdiction to enforce the above-stated Stipulation.

Dated: November 22, 2010

*Elizabeth D. Laporte*
UNITED STATES MAGISTRATE JUDGE
ELIZABETH D. LAPORTE

Trucker ♦ Huss
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California 94104

STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER; Case No. C 10-02003 EDL          8

#1123094